IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: YOSEMITE NATIONAL PARK HANTAVIRUS LITIGATION

Case No. 14-md-02532-MMC

Individual Case No. 14-cv-0451 MMC

THIS DOCUMENT RELATES TO:

CHRISTOPHER J. HARRISON, et al.,
    Plaintiffs
v.
DNC PARKS & RESORTS AT YOSEMITE, INC., et al.
    Defendants

**FURTHER ORDER RE: DNC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING SUMMARY JUDGMENT TO DNC AND DNC-PARKS**

On November 24, 2017, defendants Delaware North Companies Inc. ("DNC"), Delaware North Companies Parks & Resorts, Inc. ("DNC-Parks"), and Delaware North DNC Parks & Resorts at Yosemite, Inc.'s ("DNC-Yosemite") (collectively, "DNC Defendants") filed a motion for summary judgment. By order filed January 31, 2018, the Court granted in part, denied in part, and deferred ruling in part on the motion, and, by order filed March 1, 2018, granted the deferred portion of the motion.

At the Pretrial Conference conducted March 13, 2018, counsel for DNC Defendants asked the Court to rule on an additional issue raised in their motion, specifically, whether, as to the remaining claims,[1] plaintiffs can establish a triable issue of

---

[1] Plaintiffs' remaining claims, all of which arise under state law, are for negligence, fraud and, derivatively, loss of consortium.

fact exists as to the liability of DNC and/or DNC-Parks. The Court, having read and considered the parties' respective submissions on that issue, hereby rules as follows.

In their motion, DNC Defendants argue plaintiffs lack evidence to establish their negligence and fraud claims against either DNC or DNC-Parks. In support thereof, DNC Defendants have submitted undisputed evidence demonstrating DNC-Yosemite was the only DNC Defendant that rendered any services to plaintiffs (see English Decl. Ex. 53 ¶¶ 2, 5-6), and that, under the Concession Contract between the National Park Service ("NPS") and DNC-Yosemite, DNC-Yosemite was the only entity that had the ability to provide such services (see id. Ex. 10). Additionally, with regard to the fraud claim, DNC-Yosemite, as DNC Defendants point out, is the sole entity asserted to have made any allegedly false or misleading statement. In their opposition, plaintiffs acknowledge they are not proceeding against DNC or DNC-Parks on a theory of direct liability (see Pls.' Opp. at 11:18-19, 25:3), but assert they can establish, under "agency and alter ego theories," DNC and DNC-Parks' liability for the acts and omissions of DNC-Yosemite (see Opp. at 11:18-20).

By its March 1 order, the Court found plaintiffs lack evidence to support their contention that either DNC or DNC-Parks is the alter ego of DNC-Yosemite. As to agency, there is no dispute that a principal can be held liable for the wrongful acts of an agent. See, e.g., Cal. Civil Code § 2338. Here, however, plaintiffs have offered no evidence to show DNC-Yosemite, in any of its dealings with plaintiffs, was representing DNC or DNC-Parks. See Cal. Civ. Code §2295 (defining "agent" as "one who represents another, called the principal, in dealings with third persons"). Rather, it is undisputed that DNC-Yosemite was the sole owner of the signature tent cabins here at issue (see Amended Master Consolidated Complaint ¶ 36), and had the exclusive authority under its Concession Contract with NPS to rent those tent cabins to plaintiffs (see English Decl. Ex. 10). Under such circumstances, plaintiffs fail to raise a triable issue as to agency.

In sum, as plaintiffs are not proceeding against DNC or DNC-Parks on a theory of direct liability and lack evidence to establish liability of either such entity on a theory of

alter ego or agency, the Court finds DNC and DNC-Parks are entitled to summary judgment as to each of plaintiffs' remaining claims.

Accordingly, to the extent DNC Defendants seek summary judgment in favor of DNC and DNC-Parks, the motion is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: March 20, 2018

MAXINE M. CHESNEY
United States District Judge